UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KENNETH LEON MCINTYRE,** | ) |
| | ) |
| **Plaintiff,** | ) No. 3:11-cv-00128 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| **(f/n/u) QUEZEVUE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Metro-Davidson County Detention Facility (MDCDF) in Nashville, Tennessee. He brings this *pro se* action under 42 U.S.C. § 1983 against several correctional officers who work at MDCDF in their individual and official capacities. The plaintiff alleges that the defendants verbally harassed the plaintiff and made threatening and intimidating gestures towards him. (Docket No. 1). The plaintiff seeks compensatory and punitive damages from the defendants, as well as apologies. (*Id.* at p.5).

## I.    Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

1

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.     Section 1983 Standard

The plaintiff alleges claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.    Facts as Alleged by the Complaint

The plaintiff alleges that, on December 8, 2010,[1] correctional officer f/n/u Quezuvue called the plaintiff a "faggot" in front of one hundred (100) other inmates. (Docket No. 1 at p. 5). The plaintiff also alleges that correctional officer Quezevue threatened the plaintiff with a hard plastic food tray. (*Id.*) The plaintiff believes that these incidents constitute "discrimination" and "assaults by authority figures" and that such conduct violates the plaintiff's constitutional rights. (*Id.*)

## IV.    Analysis

---

[1]The complaint states that the events occurred on December 8, 2011. (Docket No. 1 at p.5). This appears to be a typographical error. The grievance attached to the complaint identifies the date as December 8, 2010.

2

With regard to the plaintiffs' allegations of verbal threats, such threats standing alone are generally inadequate to state a constitutional claim. *See Chandler v. Dist. of Columbia Dep't of Corrs.*, 145 F.3d 1355, 1360-61 (D.C. Cir. 1998); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *Ivey*, 832 F.2d 950, 954-55. Although threats could violate an inmate's constitutional rights if the resulting harm were sufficiently severe, *see Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), Plaintiff MycIntyre's allegations fall well short of the categories of verbal threat that courts have heretofore recognized as potentially violative of an inmate's constitutional rights, *i.e.*, threats of serious physical injury. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997)(no cognizable claim under § 1983 absent allegations of physical harm or "the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment"; *Northington v. Jackson*, 973 F.2d 1518, 1522 (10th Cir. 1992)(cognizable claim under § 1983 where parole officer held gun to prisoner's head while threatening to kill him); *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir. 1978)(cognizable claim under § 1983 where a prison guard threatened to have prisoner killed if he persisted in his lawsuit against him). Because the plaintiff does not allege that these defendants threatened him with serious physical injury, the alleged conduct falls in the category of petty harassment which does not rise to the level of a constitutional violation. *See e.g., Vasquez v. City of Hamtramck*, 757 F.2d 771, 773 (6th Cir. 1987). Thus, these claims will be dismissed.

With regard to the plaintiff's allegations of name-calling, while not condoned by the court, verbal abuse of the nature described does not rise to the level of a constitutional violation. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Insofar as the plaintiff seeks compensation for emotional distress caused by the name-

3

calling, dismissal is appropriate because the PLRA requires that any action for emotional injury suffered while in custody is barred unless the prisoner can show physical injury. 42 U.S.C. § 1997(e). The physical injury need not be significant, but it must be more than *de minimus* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow,* 66 Fed. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). Since the plaintiff has not alleged that he suffered any injury whatsoever from the incident, the plaintiff has failed to plead a claim that meets the PLRA's threshold. ). Thus, this claim, too, fails.

In his complaint, plaintiff McIntyre sues each named defendant in his or her individual and official capacities. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the plaintiff's claims against the individual defendants in their official capacities are claims against their employer.

MDCDF "is run by CCA . . . pursuant to a contract between CCA and the government of Nashville and Davidson County, Tennessee." *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 812 (6th Cir. 1996). The Sixth Circuit has held previously that, under the "public function test," CCA performs a traditional state function at MDCDF, and as such, their actions are "fairly attributable to the state." *Id.* (citing *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)).

In suing CCA at MDCDF, the plaintiff is, in essence, suing Nashville and Davidson County. Therefore, he must claim that the alleged violations of his constitutional rights stemmed from a city or county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

4

(1989); *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff neither alleges nor implies that any such city or county policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the alleged violation of his constitutional rights. Consequently, CCA has no liability under § 1983.

**V.      Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  Accordingly, the plaintiff's complaint as to all defendants will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge